UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04356-SPG (SK) Date: August 6, 2026

Title Mohamed Y. Ali v. ICE DHS

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner Mohamed Y. Ali is an inmate in the custody of the federal Bureau of Prisons (BOP) nearing the end of a 96-month sentence for weapons offenses. *See Mohamed Y. Ali v. Warden FCI Victorville II,* Case No. 5:25-cv-03612-SPG (SK). He is not in civil detention under the custody of Immigration and Customs Enforcement (ICE) or any other agency within the Department of Homeland Security (DHS). However, petitioner is evidently an Ethiopian national who entered the United States in 2006 as a refugee with his family. (ECF 1 at 11). He was ordered removed in 2017 and was later released on an order of supervision. (*Id.* at 12–13). But because he is still subject to that removal order, ICE has lodged a detainer with the BOP so that he will be handed over to DHS custody when petitioner has completed his federal criminal sentence. Petitioner doesn't challenge that he is subject to a removal order. And though he contends that the detainer is somehow "invalid," he doesn't—and can't—really contest that he will face removal by DHS once released from BOP custody. Instead, petitioner claims that he is somehow entitled either to be released early from federal prison and then placed back immediately under his prior ICE order of supervision, or else that he cannot be civilly detained by ICE whenever he is released from BOP custody but must instead be automatically placed on supervised release pending removal from the United States. (*Id.* at 13, 26).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04356-SPG (SK) Date: August 6, 2026

Title Mohamed Y. Ali v. ICE DHS

Whatever the possible merits of petitioner's claim (which is likely none), this court has no jurisdiction to decide, before he is even released from BOP custody, what if any rights petitioner may have in the future around whether, how, when, or by whom he may be detained—or supervised—in civil immigration custody. Habeas jurisdiction under § 2241 lies only if the habeas petitioner is in custody under the executive authority he seeks to challenge "at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). So a habeas court's jurisdiction to review a challenge to immigration detention is limited to petitioners who are being held in immigration detention *now*—not to those who may face immigration detention *later*. A "bare detainer letter alone does not sufficiently place [a petitioner] in ICE custody to make habeas corpus available." *Campos v. INS*, 62 F.3d 311, 314 (9th Cir. 1995) (quoting *Garcia v. Taylor*, 40 F.3d 299, 303 (9th Cir. 1994)); *see also* 8 C.F.R. § 287.7(a) (detainer is only a request that current custodian "advise [ICE], prior to the release of the [individual], in order for the Department to arrange to assume custody"); *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 799 (9th Cir. 2020) ("A detainer is not a warrant of any kind."). Although the ICE detainer may potentially affect how petitioner's criminal sentence is carried out near the end of his custodial term, it does not place him in anyone's custody other than the BOP. *See Campos*, 62 F.3d at 314.

For this reason, Petitioner is ORDERED TO SHOW CAUSE on or before **August 21, 2026** why the court should not summarily dismiss the petition for lack of jurisdiction. Petitioner may discharge this order by voluntarily dismissing the petition without prejudice using the attached Form CV-09y. Failure to file that notice of voluntary dismissal on time, however, may lead to involuntary dismissal—including with prejudice—for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.