UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04356-SPG (SK) Date: August 27, 2026

Title Mohamed Y. Ali v. ICE DHS

Present: The Honorable: Steve Kim, United States Magistrate Judge

| A. Silva-Elder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **FINAL ORDER TO SHOW CAUSE AND, ALTERNATIVELY, GRANTING LEAVE TO FILE FIRST AMENDED PETITION**

Petitioner Mohamed Y. Ali is an inmate in the custody of the federal Bureau of Prisons (BOP) nearing the end of a 96-month sentence for weapons offenses. *See Mohamed Y. Ali v. Warden FCI Victorville II*, Case No. 5:25-cv-03612-SPG (SK). At the same time, he is apparently subject to an administrative order of removal following civil immigration deportation proceedings. Because of this, authorities with Immigration and Customs Enforcement (ICE) have evidently lodged a detainer with the BOP so that he will be handed over to civil immigration custody when petitioner has completed his federal criminal sentence. Against that backdrop, petitioner filed a petition under 28 U.S.C. § 2241, claiming on its face that he is entitled either to be released early from federal prison and then placed back immediately under his prior ICE order of supervision, or else that he cannot be civilly detained by ICE whenever he is released from BOP custody but must instead be automatically placed on supervised release pending removal from the United States. (ECF 1 at 13, 26).

Yet when he was ordered to show cause why that petition should not be dismissed for lack of jurisdiction (ECF 5), petitioner's theory of the habeas petition shifted once more. Now, petitioner seemingly denies that he wants immediate release from BOP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-04356-SPG (SK) Date: August 27, 2026

Title Mohamed Y. Ali v. ICE DHS

custody or anticipatory release from ICE custody. Instead, it seems that his argument is that the ICE detainer is affecting the present execution of his federal criminal sentence—namely, his eligibility for pre-release placement in a residential reentry center. (ECF 6 at 4, 9). If that is right, petitioner may have a colorable petition to advance, though certain jurisdictional limits may still apply. *See generally* 18 U.S.C. §§ 3621, 3625; *see Rodriguez v. Copenhaver*, 823 F.3d 1238, 1242 (9th Cir. 2016); *Rodriguez v. Smith*, 541 F.3d 1180, 1183 (9th Cir. 2008); *see also Mohammed v. Engleman*, 2025 WL 1909836, at *13–14 (C.D. Cal. July 9, 2025).

Even so, the current petition—as alleged—cannot proceed on that theory. For one thing, the Court lacks personal jurisdiction because he has not named the proper custodian as respondent: the one who has custody over him *now*. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004). For another thing, no amount of liberal interpretation of a pro se pleading can supply material elements of a missing claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (per curiam). This court has struggled to understand petitioner's vacillating allegations, operative facts, and legal theories. The explanation above is the court's best effort at pinpointing petitioner's intent based on his latest court filing, not an elaboration of a claim actually pled in the original petition.

* * *

For these reasons, petitioner is ORDERED TO SHOW CAUSE one final time why this action should not be dismissed for lack of jurisdiction and other defects previously explained to him. He may discharge that order by submitting the attached notice of voluntary dismissal without prejudice to any justiciable claims he may later assert. Alternatively, petitioner is granted leave to file a first amended petition alleging a viable claim under 18 U.S.C. §§ 3621 and 3625, provided that there is jurisdiction for such a claim. But if petitioner files no notice of voluntary dismissal or first amended petition consistent with this order by no later than **September 16, 2026**, this action may be

involuntarily dismissed—including with prejudice—for failure to prosecute and obey court orders. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.

IT IS SO ORDERED.